## No. 52
### BARNEY v. BANKS
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1200. Decided Oct. 8, 1924

480. EVIDENCE—Oral evidence is competent to show failure of consideration to justify the setting aside of a deed.

367. DEEDS—Grantor must account to grantee for payments on mortgage and improvements to set aside deed for failure of consideration.

FERNEDING, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Action to set aside a deed for certain real estate upon the ground of failure of consideration. Evidence was submitted that the grantee obligated herself as part of the consideration to live in the property, to take care of the grantor, and to make certain improvements and to pay off the mortgage. Evidence attempting to prove the verbal agreement as to these considerations was objected to as not competent. On appeal the court held:

1. That evidence may be received to prove the actual consideration of a deed and that there was such failure of consideration as would justify the setting aside of the deed.

2. The plaintiff must account to the defendant for the amount paid by her upon the mortgage, improvements on the property an dother expenses incurred before entitled to having the deed cancelled.

Attorneys—Charles R. Doll, for Barney; B. F. Hughes, for Banks; all of Columbus.

## No. 53
### MORRIS PLAN BANK v. RUSSELL
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5360. Decided Dec. 8, 1924.

355. DAMAGES—Wrongful levy on wrong person does not warrant punitive damages.—Remittitur justifiable under such conditions.

VICKERY, P. J.

### Epitomized Opinion
Published only in Ohio Law Abstract

The Morris Plan Bank of Cleveland had secured a judgment in the Cleveland Municipal Court against one John J. Russell, living on Hough Ave. at 71st street. The Bank, not being able to collect from him, caused an execution to be issued in good faith against a John J. Russell living at 82nd and Hough, thinking the last named Russell their debtor. The bailiff, in possession of the writ, went to Russell's home, broke into his garage, and took a machine, leaving notice that it would be levied upon to satisfy a judgment of the Morris Plan Bank. When the mistake was discovered, the machine was returned to Russell, who soon after instituted suit in the Municipal Court and recovered a judgment for $500. The court offered Russell the following propositions:

1. Inasmuch as he was entitled to recover, but not punitive damages, that he remit $250 from his verdict and judgment.

2. If he did not accept this remittitur, judgment would be reversed on the ground that the court erred in permitting evidence on question of punitive damages, and in charging punitive damages. Defendant remitted and judgment was affirmed.

Attorneys—Bulkley, Hauxhurst, Jamison, & Sharp, for Bank; Messrs. Snyder, Henry, Thomsen, Ford, & Seagrave, for Russell, Cleveland.